IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DARREL D. PAGE, :
:
          Petitioner, :
:
v. : Civil Action No.13-911-RGA
:
DAVID PIERCE, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
          Respondents.[1] :

## MEMORANDUM OPINION

Darrel D. Page. *Pro se* Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

April 24, 2014

---

[1] Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Darrel D. Page ("Petitioner") has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1; D.I. 17) The State filed an Answer in opposition, contending that the Petition should be dismissed as time-barred or, alternatively, that the Court should dismiss some claims as meritless and other claims as procedurally barred. (D.I. 15) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

On June 12, 2003, a Delaware Superior Court jury convicted Petitioner of three counts of first degree murder, one count of attempted first degree murder, five counts of possession of a firearm during the commission of a felony, one count of second degree robbery, one count of first degree conspiracy, one count of second degree conspiracy, and one count of endangering the welfare of a child. *See State v. Page*, 2006 WL 532128, at *1 (Del. Super. Ct. Feb. 24, 2006). The jury recommended the death penalty by a vote of eight to four on each of the three counts of first degree murder. On February 24, 2006, after a full consideration of the relevant considerations, the Superior Court judge sentenced Petitioner to three life sentences plus a term of years. *Id.* at *15. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Page v. State*, 934 A.2d 891, 901 (Del. 2006).

On October 10, 2008, while represented by counsel, Petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 22 at 3 n.3) In March 2009, the Superior Court ordered trial counsel to file a Rule 61 affidavit responding to Petitioner's allegations of ineffective assistance. (D.I. 27 at 22, Del. Super. Ct. Crim. Dkt. Item No. 158) Without obtaining Petitioner's response to the Rule 61

affidavit, the Superior Court denied the Rule 61 motion on April 28, 2009. *See State v. Page*, 2009 WL 1141738 (Del. Super. Ct. Apr. 28, 2009). Petitioner filed a motion for reconsideration, which the Superior Court denied on May 11, 2009. (D.I. 27 at 23, Del. Super. Ct. Crim. Dkt. Item No. 166) Petitioner appealed that decision, and the Delaware Supreme Court remanded the case to the Superior Court to allow Petitioner an opportunity to respond to his former counsel's Rule 61 affidavit. *See Page v. State*, 994 A.2d 745 (Table), 2010 WL 2169506, at *2 (Del. May 11, 2010). On remand, the Superior Court denied Petitioner's Rule 61 motion. *Id.* Petitioner appealed, and the Delaware Supreme Court again remanded the case to the Superior Court to augment the record, because one of Petitioner's defense attorneys had not provided a Rule 61 affidavit even though he had been ordered to do so. After the record was expanded to include the additional Rule 61 affidavit and supplemental memoranda from the parties, the Superior Court denied Petitioner's Rule 61 motion on March 17, 2010. *Id.* The Delaware Supreme Court affirmed that decision on May 11, 2010. *See id.* at *7.

Acting *pro se*, Petitioner filed his second Rule 61 motion on March 11, 2011. *See State v. Page*, 2011 WL 1213841 (Del. Super. Ct. Mar. 30, 2011). The Superior Court denied the motion, *see id.*, and the Delaware Supreme Court affirmed that decision. *Page v. State*, 35 A.3d 419 (Table), 2012 WL 11615 (Del. Jan. 3, 2012), *reh'g denied,* (Jan. 24, 2012).

On March 19, 2013, again acting *pro se*, Petitioner filed a third Rule 61 motion, which the Superior Court dismissed. *See State v. Page*, 2013 WL 4828600, *2, *5 (Del. Super. Ct. Aug. 13, 2013). The Delaware Supreme Court affirmed that decision on December 4, 2013. *See Page v. State*, 82 A.3d 730 (Table), 2013 WL 6389595 (Del. Dec. 4, 2013).

In May 2013, Petitioner filed the § 2254 Petition presently pending before the Court. The Petition asserts six claims: (1) Petitioner's Sixth Amendment right to a speedy trial was

violated; (2) trial counsel provided ineffective assistance by failing to protect Petitioner's right to a speedy trial; (3) the trial court abused its discretion by admitting into evidence "unnecessary, gory photographs"; (4) the trial court erred by admitting Kim Still's out-of-court statement pursuant to 11 Del. C. § 3507, because it was involuntary and unnecessarily cumulative and prejudicial; (5) the trial court erred in denying Petitioner's first Rule 61 motion without allowing Petitioner an opportunity to respond to trial counsel's affidavit and, on remand, by limiting the issues that were addressed at the evidentiary hearing; and (6) appellate counsel provided ineffective assistance by failing to challenge the admissibility of Kim Still's testimony based on Rules 410, 402, and 404(b) of the Delaware and Federal Rules of Evidence, and also for failing to file a motion for new trial based on the alleged perjury of a witness at trial. (D.I. 1; D.I. 17) The State contends that the Court should deny the Petition as time-barred or, alternatively, as meritless and procedurally barred.

## II.    ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Here, Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B) or (D). To the extent Petitioner's allegations regarding the recent Supreme Court decision *Martinez v. Ryan*, 132 S.Ct 1309 (2012) should be construed as an attempt to trigger a later starting date under § 2244(d)(1)(C), it is unavailing. (D.I. 17 at 34) In *Martinez,* the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 1320. Significantly, *Martinez* did not recognize or create an automatic constitutional right to counsel in collateral proceedings, it did not make any constitutional right retroactively applicable to cases on collateral review, and it did not address AEDPA's statute of limitations. *See Martinez*, 132 S.Ct. at 1319. Thus, the Court concludes that *Martinez* does not create an alternate starting date for AEDPA's one-year limitations period under § 2244(d)(1)(C).

Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d

5

Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's convictions and sentence on October 10, 2007, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, his conviction became final for the purposes of § 2244(d)(1) on January 9, 2008.

In order to comply with the one-year limitations period, Petitioner had to file the instant Petition by January 9, 2009.[2] *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005). Petitioner did not file this § 2254 Petition until May 19, 2013,[3] approximately four years and four months after the expiration of AEDPA's statute of limitations. Therefore, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying

---

[2] In 2008, the month of February had twenty-nine days. It is possible that the date should be January 8, 2009, *see Wilson v. Beard, supra*, discussing a 365 day year, but I will give Petitioner the benefit of the doubt that it is a 366 day year when a Leap Year is involved. It makes no difference in this case.

[3] Pursuant to the prisoner mailbox rule, the Court adopts as the filing date May 19, 2013, which is the date on the letter accompanying Petitioner's undated Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

6

a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Petitioner properly filed his first Rule 61 motion on October 10, 2008. At this point in time, 274 days of AEDPA's limitations period had already expired. The first Rule 61 motion tolled the limitations period through May 11, 2010, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion. The limitations clock started to run again on May 12, 2010, and the remaining ninety-one days passed without interruption until the limitations period expired on August 11, 2010. As such, Petitioner's second and third Rule 61 motions do not have any statutory tolling effect, because they were filed after the expiration of AEDPA's limitations period.[4]

Thus, even with the statutory tolling triggered by Petitioner's first Rule 61 motion, the instant Petition was not timely filed. Accordingly, the Petition must be dismissed as time-barred, unless equitable tolling is available.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the proper inquiry is not how unusual the circumstance alleged to warrant tolling

---

[4] For the sake of completeness, the Court notes that an additional 1013 days passed between the date on which the limitations period expired (August 11, 2010) and the date on which the instant Petition was filed (May 19, 2013).

7

is among the universe of prisoners, . . . but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *See Pabon v. Mahoney*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

In this case, Petitioner contends that he is entitled to equitable tolling because of defense counsel's ineffective assistance and abandonment. Petitioner asserts that he told counsel that the federal habeas petition had to be filed by mid-August 2010. (*See* D.I. 1 at 17-19) Counsel, however, misunderstood how statutory tolling affected AEDPA's limitations period and therefore failed to file a timely habeas petition. In addition, on August 26, 2010, which was a few days after the expiration of the filing deadline, counsel sent Petitioner a letter stating that he was terminating his representation of Petitioner. (*See id.* at 27) According to Petitioner, the combination of counsel's miscalculation and abrupt abandonment warrants tolling the limitations on equitable grounds through May 19, 2013.

The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes. *See Holland*, 560 U.S. at 635-54. An "egregious error" includes instances where an attorney fails to file an appeal after an explicit request from the petitioner,[5] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004).

---

[5] *See Velazquez v. Grace*, 277 F. App'x 258 (3d Cir. 2008).

The Court is not convinced that the combination of counsel's erroneous computation of AEDPA's limitations period and abrupt termination of representation on August 26, 2010, (which was after AEDPA's filing deadline), constitutes an "egregious error." *See Holland*, 560 U.S. at 651-52 ("We have previously held that a garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling."). Nevertheless, even if the Court were to assume that counsel's actions justify equitable tolling, such tolling would only be warranted through a reasonable period after August 26, 2010. Petitioner's filing of the instant Petition on May 19, 2013 was well past a reasonable period after August 26, 2010. Therefore, unless there is a reason to equitably toll the limitations period from shortly after August 26, 2010 through May 19, 2013, the Petition is still time-barred.

Petitioner has not asserted, and the Court does not discern, any basis for equitably tolling the limitations period through May 19, 2013. For instance, Petitioner clearly and fully understood on August 26, 2010 that counsel was never going to file a federal habeas petition on his behalf, and that the federal filing deadline had expired, yet he waited well more than another two years to file the instant Petition. This delay is even more puzzling because, instead of filing a § 2254 petition soon after receiving counsel's August 26, 2010, Petitioner chose to file two more *pro se* Rule 61 motions in the Delaware Superior Court: one on March 11, 2011 and the other on March 19, 2013.[6] Petitioner also has not shown how counsel's alleged ineffective assistance and abrupt "abandonment" in August 2010 actually prevented him from filing a

---

[6] The Court notes that more than thirteen months passed between the Delaware Supreme Court's denial of rehearing on January 24, 2012, and the filing of the third Rule 61 motion on March 19, 2013, during which Petitioner had no post-conviction petition pending in any court. This period of time, by itself, would be sufficient to time-bar Petitioner's later-filed § 2254 petition.

9

habeas petition for more than two years. Thus, he has failed to demonstrate the necessary causal relationship between the alleged extraordinary circumstance of counsel's actions and his late filing of this § 2254 Petition.

Finally, to the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the Court concludes that equitable tolling does not render the Petition timely. Accordingly, the Court will dismiss the instant Petition as time-barred.[7]

### III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

---

[7] Having concluded that the Petition is time-barred, the Court will not address the State's alternate reasons for denying the Petition.

## IV.     CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied as time-barred.  An appropriate Order will be entered.