IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARREL D. PAGE, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No.13-911-RGA |
| | : |
| DAVID PIERCE, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

## MEMORANDUM

### I. INTRODUCTION

Presently pending before the Court is Petitioner Darrel D. Page's Original Motion for Reconsideration Filed Pursuant to Federal Rule of Civil Procedure 60(b)(1) and two Motions to Amend the Rule 60(b)(1) Motion, with the proposed amendments attached. (D.I. 35; D.I. 38; D.I. 39) In the original Rule 60(b)(1) Motion and in his two proposed amendments, Petitioner asks the Court to reconsider and/or "reopen" his habeas Petition that was denied as time-barred in April 2014, asserting that he failed to effectively communicate in his original Petition how defense counsel's malicious conduct and withholding of his case file made it impossible for Petitioner to present a timely habeas petition. The Court will grant Petitioner's two Motions to Amend (D.I. 38; D.I. 39) and, for the reasons discussed, deny the amended Rule 60(b)(1) Motion.

### II. BACKGROUND

In June 2003, a Delaware Superior Court jury convicted Petitioner of three counts of first degree murder, one count of attempted first degree murder, five counts of possession of a firearm during the commission of a felony, one count of second degree robbery, one count of first degree

conspiracy, one count of second degree conspiracy, and one count of endangering the welfare of a child. *See State v. Page*, 2006 WL 532128, at *1 (Del. Super. Ct. Feb. 24, 2006). The jury recommended the death penalty by a vote of eight to four on each of the three counts of first degree murder. On February 24, 2006, after a full consideration of the relevant considerations, the Superior Court judge sentenced Petitioner to three life sentences plus a term of years. *Id.* at *15. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Page v. State*, 934 A.2d 891, 901 (Del. 2006).

On October 10, 2008, while represented by counsel, Petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 22 at 3 n.3) In March 2009, the Superior Court ordered trial counsel to file a Rule 61 affidavit responding to Petitioner's allegations of ineffective assistance. (D.I. 27 at 22, Del. Super. Ct. Crim. Dkt. Item No. 158) Without obtaining Petitioner's response to the Rule 61 affidavit, the Superior Court denied the Rule 61 motion on April 28, 2009. *See State v. Page*, 2009 WL 1141738 (Del. Super. Ct. Apr. 28, 2009). Petitioner filed a motion for reconsideration, which the Superior Court denied on May 11, 2009. (D.I. 27 at 23, Del. Super. Ct. Crim. Dkt. Item No. 166) Petitioner appealed that decision, and the Delaware Supreme Court remanded the case to the Superior Court to allow Petitioner an opportunity to respond to his former counsel's Rule 61 affidavit. *See Page v. State*, 994 A.2d 745 (Table), 2010 WL 2169506, at *2 (Del. May 11, 2010). On remand, the Superior Court denied Petitioner's Rule 61 motion. *Id.* Petitioner appealed, and the Delaware Supreme Court again remanded the case to the Superior Court to augment the record, because one of Petitioner's defense attorneys had not provided a Rule 61 affidavit even though he had been ordered to do so. After the record was expanded to include the

additional Rule 61 affidavit and supplemental memoranda from the parties, the Superior Court denied Petitioner's Rule 61 motion on March 17, 2010. *Id.* The Delaware Supreme Court affirmed that decision on May 11, 2010. *See id.* at *7.

Acting *pro se*, Petitioner filed his second Rule 61 motion on March 11, 2011. *See State v. Page*, 2011 WL 1213841 (Del. Super. Ct. Mar. 30, 2011). The Superior Court denied the motion, *see id.*, and the Delaware Supreme Court affirmed that decision. *See Page v. State*, 35 A.3d 419 (Table), 2012 WL 11615 (Del. Jan. 3, 2012), *reh'g denied,* (Jan. 24, 2012).

On March 19, 2013, again acting *pro se*, Petitioner filed a third Rule 61 motion, which the Superior Court dismissed. *See State v. Page*, 2013 WL 4828600, *2, *5 (Del. Super. Ct. Aug. 13, 2013). The Delaware Supreme Court affirmed that decision on December 4, 2013. *See Page v. State*, 82 A.3d 730 (Table), 2013 WL 6389595 (Del. Dec. 4, 2013).

In May 2013, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, asserting six grounds for relief: (1) Petitioner's Sixth Amendment right to a speedy trial was violated; (2) trial counsel provided ineffective assistance by failing to protect Petitioner's right to a speedy trial; (3) the trial court abused its discretion by admitting into evidence "unnecessary, gory photographs"; (4) the trial court erred by admitting Kim Still's out-of-court statement pursuant to 11 Del. C. § 3507, because it was involuntary and unnecessarily cumulative and prejudicial; (5) the trial court erred in denying Petitioner's first Rule 61 motion without allowing Petitioner an opportunity to respond to trial counsel's affidavit and, on remand, by limiting the issues that were addressed at the evidentiary hearing; and (6) appellate counsel provided ineffective assistance by failing to challenge the admissibility of Kim Still's testimony based on Rules 410, 402, and 404(b) of the Delaware and Federal Rules of Evidence, and also for

failing to file a motion for new trial based on the alleged perjury of a witness at trial. (D.I. 1; D.I. 17) On April 24, 2014, the Court denied the Petition as time-barred. (D.I. 31; D.I. 32)

Thereafter, on June 16, 2015, Petitioner filed a Rule 60(b)(1) Motion to Reconsider and/or Reopen the decision denying his Petition as time-barred. (D.I. 35) Petitioner subsequently filed two Motions to Amend the initial Rule 60(b)(1) Motion, with the proposed amendments attached. (D.I. 38; D.I. 39) In the original Rule 60(b)(1) Motion and in his two proposed amendments, Petitioner contends that AEDPA's one-year limitation period should be equitably tolled because the attorney who represented him during his Rule 61 proceeding in the Delaware state courts and who was supposed to represent him in his federal habeas proceeding provided ineffective assistance and acted maliciously by withholding Petitioner's case file and abandoning him once AEDPA's one-year limitations period had passed.

## III. STANDARD OF REVIEW

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). However, a motion for reconsideration and/or to reopen is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion to reconsider and/or reopen after it has denied the petitioner's federal habeas petition, the court must first

determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

The Court will grant Petitioner's two Motions to Amend his original Rule 60(b)(1) Motion. (D.I. 38; D.I. 39) Petitioner filed the instant amended Motion to Reconsider and/or Reopen pursuant to Rule 60(b)(1), which permits a court to grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Petitioner contends that the attorney who represented him during his sentencing, direct appeal and Rule 61 proceeding acted with malice and made it impossible for Petitioner to demonstrate that the State engaged in misconduct by not correcting perjured testimony, and that the attorney who represented him during his trial failed to use medical records to demonstrate inconsistent testimony. He also reasserts the same argument he presented in his § 2254 Petition, namely, that post-conviction counsel's abandonment justifies equitably tolling the limitations period.

To begin, the Court finds that the instant Motion is not a "true" Rule 60(b)(1) motion,

5

because it does not attack the manner in which the decision denying his Petition was procured. Rather, Petitioner's assertions about the State's misconduct and trial counsel's failure to use medical records constitutes a further attempt to challenge Petitioner's underlying conviction and sentence. Given these circumstances, the Court must determine if the instant Motion constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244.

### A. Second or Successive Habeas Petition

The instant Motion challenges the same 2003 convictions that Petitioner challenged in his first Petition, and the dismissal of that Petition as time-barred constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)(holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). In turn, because Petitioner either could have or did assert the instant ineffective assistance of counsel arguments and the instant argument concerning the State's alleged misconduct in his original Petition, the Court concludes that the instant Motion constitutes a second or successive habeas petition under § 2244.

Petitioner does not assert, and there is no reason to conclude, that the Third Circuit Court of Appeals authorized the filing of the pending Motion/Petition. Accordingly, the Court will dismiss the instant Motion/Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

6

### B. Rule 60(b) Motion

Alternatively, even if the Court were to treat the instant Motion as a true Rule 60(b)(1) Motion, Petitioner's contention that the alleged malicious conduct and abandonment by his post-conviction counsel warranted the application of the equitable tolling doctrine to this case is unavailing. Notably, Petitioner presented, and the Court rejected, this same argument in his original Petition. Nothing in Petitioner's present allegations concerning post-conviction counsel's alleged malicious conduct persuades the Court that it committed a "mistake" during its review of Petitioner's Petition such that is should reconsider its prior denial of Petitioner's § 2254 Petition.

Accordingly, the Court concludes that Petitioner is not entitled to relief under Rule 60(b)(1).

### V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 60(b)(1) Motion because: (1) it constitutes an unauthorized second or successive habeas petition; and (2) to the extent it constitutes a true Rule 60(b)(1) motion, it lacks merit. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: January 14, 2016

UNITED STATES DISTRICT JUDGE